IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF IOWA – CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS JOHN REINKEN | District Court No.: 16-CV-3096 |
| Plaintiff, | Lower Court No.: LACV 017721 |
| vs. | |
| BIG GAME TREESTANDS, MS HOLDINGS, LLC, MAINSTREAM HOLDINGS, L.L.C., | |
| Defendants. | |

## PREFACE

Defendants specifically deny the existence of, or their participation in, any wrongdoing as alleged in the Complaint. The Defendants further deny each and every allegation contained in the Complaint, except as specifically admitted. Any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, and speculations contained in any averment or in the Complaint as a whole. Moreover, the Defendants specifically deny any allegations contained in the headings or unnumbered paragraphs in the Complaint. The Defendants also deny all allegations that contain legal arguments or conclusions of law as well as those allegations that do not require a response. These comments and objections are incorporated into each numbered paragraph of Defendants' answer.

## DEFENDANTS, BGHA, INC. AND MAINSTREAM HOLDINGS, INC.'S, ANSWER TO COMPLAINT

NOW COME Defendants, BGHA, Inc. (improperly identified as Big Game Treestands) and Mainstream Holdings, Inc. (improperly identified as MS Holdings, LLC and Mainstream

Holdings, L.L.C.) (collectively "Defendants"), by and through their attorneys, Heidman Law Firm, LLP, and for their answer to Plaintiff's Complaint, state as follows:

1. Defendants are without sufficient information to form a belief as to the matters stated in paragraph 1 of Plaintiff's complaint, and therefore, those allegations are denied.

2. Defendants admit that BGHA, Inc. (improperly identified as Big Game Treestands) is a Minnesota corporation with its principal place of business in Minnesota which is a distributor of hunting products with distribution in the State of Iowa.

3. Defendants admit that Mainstream Holdings, Inc. (improperly identified as MS Holdings, LLC) is a Minnesota corporation with its principal place of business in Minnesota. Defendants deny that Mainstream Holdings, Inc. is a manufacturer or distributor of hunting products in the State of Iowa.

4. Defendants admit that Mainstream Holdings, Inc. (improperly identified as Mainstream Holdings, L.L.C.) is a Minnesota corporation with its principal place of business in Minnesota. Defendants deny that Mainstream Holdings, Inc. is a manufacturer or distributor of hunting products in the State of Iowa.

5. Defendants are without sufficient information to form a belief as to the matters stated in paragraph 5 of Plaintiff's complaint, and therefore, those allegations are denied.

6. Defendants are without sufficient information to form a belief as to the matters stated in paragraph 6 of Plaintiff's complaint, and therefore, those allegations are denied.

7. Defendants are without sufficient information to form a belief as to the matters stated in paragraph 7 of Plaintiff's complaint, and therefore, those allegations are denied.

8. Defendants are without sufficient information to form a belief as to the matters stated in paragraph 8 of Plaintiff's complaint, and therefore, those allegations are denied.

2

204964158.1 36334/307478
Case 3:16-cv-03096-LTS-CJW   Document 6   Filed 09/08/16   Page 2 of 7

9.  Defendants are without sufficient information to form a belief as to the matters stated in paragraph 9 of Plaintiff's complaint, and therefore, those allegations are denied.

## COUNT I – PRODUCTS LIABILITY AND BREACH OF EXPRESS WARRANTY, IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

10.  Defendants incorporate herein by reference each and every answer set forth in paragraphs 1-9 as though set forth herein.

11.  Defendants admit that BGHA, Inc. exercised reasonable care, its climbing sticks are fit, suitable and safe for its intended purpose, are not defective in its design, are packaged with proper warnings and instructions, and are not manufactured defectively. Defendants deny that Mainstream Holdings, Inc. was a manufacturer or distributor of climbing sticks. Defendants deny the remaining allegations in paragraph 11 of Plaintiff's complaint.

12.  Defendants deny the allegations in paragraph 12, including subparagraphs a.-g., of Plaintiff's complaint.

13.  Defendants admit that BGHA, Inc. exercised reasonable care, its climbing sticks are fit, suitable and safe for its intended purpose, are not defective in its design, are packaged with proper warnings and instructions, and are not manufactured defectively. Defendants deny that Mainstream Holdings, Inc. was a manufacturer or distributor of climbing sticks. Defendants deny the remaining allegations in paragraph 13 of Plaintiff's complaint.

## DAMAGES

14.  Defendants incorporate herein by reference each and every answer set forth in paragraphs 1-13 as though set forth herein.

15.  Defendants deny the allegations in paragraph 15, including subparagraphs a.-e., of Plaintiff's complaint.

3

204964158.1 36334/307478
Case 3:16-cv-03096-LTS-CJW   Document 6   Filed 09/08/16   Page 3 of 7

16. Defendants are without sufficient information to form a belief as to the matters stated in paragraph 16 of Plaintiff's complaint, and therefore, those allegations are denied. Defendants do not contest that Plaintiff's claim for damages is greater than $75,000.

WHEREFORE, BGHA, Inc. (improperly identified as Big Game Treestands) and Mainstream Holdings, Inc. (improperly identified as MS Holdings, LLC and Mainstream Holdings, L.L.C.) (collectively "Defendants"), request a judgment of no cause of action and dismissal of this action in its entirety.

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

1. Upon information and belief, some or all of the claims asserted by Plaintiff are barred by the applicable statutes of limitation.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The Plaintiff had a duty to mitigate damages and may have failed to do so. Accordingly, Defendants shall have no liability to the extent the Plaintiff failed to mitigate his damages.

4. The Plaintiff failed to exercise reasonable care and caution for his own safety and such conduct was the sole and/or contributing cause of Plaintiff's own injuries and damages alleged.

5. Plaintiff's alleged accident and injuries, if any, were caused or contributed to by the independent acts and/or negligence of the Plaintiff which were sufficient to bar any recovery herein.

6. Plaintiff's alleged accident and injuries, if any, were caused or contributed to by the independent acts and/or negligence of third parties, over whom these Defendants had no control, and for whom it is not responsible.

7. When the product left the control of the Defendant, it conformed with all applicable public and private product standards.

8. Plaintiff's alleged accident and injuries, if any, were caused by Plaintiff's abuse and/or misuse of the product.

9. The product about which Plaintiff complains, was materially altered and/or modified after it left the control of the Defendant.

10. Plaintiff's voluntarily assumed a known and obvious risk to his safety, which bars any recovery herein.

11. The risk of harm of which Plaintiff complains was open and obvious and/or a matter of common knowledge.

12. Plaintiff's claims are barred by legal and equitable estoppel.

13. Plaintiff's claims are barred by waiver, release, satisfaction, discharge or by other operation of law and he has forfeited any and all claims he may have against Defendant.

14. Plaintiff misused the product and as such all claims are barred.

15. The prayer for punitive damages is in violation of the Fifth, Sixth, Seventh, Eight, and Fourteenth Amendments of the United States Constitution in violation of the due process and equal protection clauses of the Iowa Constitution and such claims for punitive damages are not supported by the facts of this case.

16. Defendant alleges that Plaintiff's product liability claims are barred by sections of the Restatement (3rd) of Torts § Products Liability.

17. Plaintiff's claims are barred in whole or part because the subject product was designed, manufactured, marketed, and labeled with proper warnings, and instructions in accordance with the state of the art and state of scientific and technical knowledge. Defendant

5

invokes all state of the art defenses applicable to Plaintiff's claims, including the state of the art applicable to the industry in question.

18. Defendant asserts the defense of comparative fault. To the extent Plaintiff was himself at fault, Plaintiff's recovery, if any, should be reduced by the comparative fault, negligence, responsibility, or causation attributable to one or more third parties or to the decedent, over whom the Defendants had no control and for whom Defendants are not liable.

19. To the extent the Plaintiff has incurred damages, such damages may have been a result of an intervening or superseding events, factors, occurrences, or conditions which were not caused by Defendants and for which Defendants are not responsible or liable.

20. Defendants did not design, manufacture and/or distribute the subject climbing stick.

21. Discovery is ongoing and the Defendants reserve the right to amend, delete, add or alter these affirmative defenses.

**JURY DEMAND**

Defendants hereby request a jury trial with respect to ___8th___ day of September, 2016.

_____
John C. Gray, AT0002938
Heidman Law Firm, LLP
1128 Historic Fourth Street
PO Box 3086
Sioux City, IA 51102
john.gray@heidmanlaw.com
712.222.4121 phone
712.222.4127 fax

6

204964158.1 36334/307478

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading was mailed to:

> Bruce H. Stoltze (AT0007521)
> STOLTZE & STOLTZE, PLC
> 300 Walnut Street, Ste. 260
> Des Moines, IA 50309
> T: (515) 244-1473
> F: (515) 244-3930
> E: bruce.stoltze@stoltzelaw.com
>
> Travis J. Burk (AT0011292)
> HOPE LAW FIRM, P.L.C.
> 1055 Jordan Creek Pkwy, Ste. 200
> West Des Moines, IA 50266
> T: (515) 255-3559
> F: (515) 243-2433
> E: travis@hopelawfirm.com

by placing it in the United States Mail with sufficient postage thereto to carry it to its destination.

This 8th day of September, 2016.

*/s/ Lisa Targonski*